# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-389V
UNPUBLISHED

| | |
|---|---|
| MERCEDES GALLAGHER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 12, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Meningococcal Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Dhairya Divyakant Jani*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On March 14, 2019, Mercedes Gallagher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following the administration of two meningococcal vaccines on January 11, 2018. Petition at 1. Petitioner further alleges that the vaccines were administered within the United States, that the sequalae of her injury last for more than six months, and that there has been no compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at 3-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 11, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On August 12, 2020, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $55,080.00 consisting of $55,000.00 for pain and suffering and $80.00 for past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,080.00 (consisting of $55,000.00 for pain and suffering and $80.00 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                      <u>s/Brian H. Corcoran</u>
                                                      Brian H. Corcoran
                                                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * *  <br>**MERCEDES GALLAGHER**,        * <br>                                                           * <br>        Petitioner,                               * <br>                                                           * <br>v.                                                        * <br>                                                           * <br>                                                           * <br>**SECRETARY OF HEALTH**      * <br>**AND HUMAN SERVICES**,       * <br>                                                           * <br>        Respondent.                           * <br>* * * * * * * * * * * * * * * * * * * * * * * * * * * * * | **No. 19-389V (ECF)** <br>CHIEF SPECIAL MASTER <br>BRIAN H. CORCORAN |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 14, 2019, Mercedes Gallagher ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of two meningococcal vaccines on January 11, 2018. Petition at 1. On May 7, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on May 11, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 21; ECF No. 22.

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $80.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $55,080.00, in the form of a check payable to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Mercedes Gallagher:            **$55,080.00**

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

          HEATHER L. PEARLMAN
          Assistant Director
          Torts Branch, Civil Division

          ***/s/ DHAIRYA D. JANI***
          DHAIRYA D. JANI
          Trial Attorney
          U.S. Department of Justice
          Torts Branch, Civil Division
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C. 20044-0146
          Tel:  (202) 616-4356

Dated:  August 12, 2020